UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VARDAN ABRAMYAN, | No. 2:13-cv-0258 JAM DAD P |
| Petitioner, | |
| v. | ORDER |
| TIM V. VIRGA, | |
| Respondent. | |

Petitioner is a state prisoner proceeding through counsel with an application for a writ of habeas corpus in the above entitled action.  On October 9, 2014, the undersigned issued findings and recommendations recommending that petitioner's application for habeas relief be denied. Petitioner did not file objections to those findings and recommendations nor did he request a certificate of appealability.  On November 21, 2014, the assigned district judge adopted the findings and recommendations, habeas relief was denied, this action was dismissed and judgment was entered.  On December 16, 2014, petitioner filed a notice of appeal.  Petitioner has now filed a request for leave to file a motion pursuant to Federal Rule of Civil Procedure 60(b), arguing that abandonment by his attorney precluded him from filing objections to the October 9, 2014 findings and recommendations and/or a request for a certificate of appealability.

Petitioner's filing of a timely notice of appeal divested this court of jurisdiction to consider a Rule 60(b) motion filed more than 10 days after entry of judgment.  See Stein v.

1

Wood, 127 F.3d 1187, 1189 (9th Cir. 1997); see also Davis v. Yageo Corp., 481 F.3d 661, 685 (9th Cir. 2007) ("Once an appeal is filed, the district court no longer has jurisdiction to consider motions to vacate judgment."); Gould v. Mutual Life Insurance Co., 790 F.2d 769, 772 (9th Cir. 1986) ("Unless the appellate court remands to the district court, the latter is without jurisdiction to consider the motion to vacate judgment.")  To seek Rule 60(b) relief during the pendency of an appeal, "'the proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move [the Court of Appeals], if appropriate, for remand of the case.'"  Williams v. Woodford, 384 F.3d 567, 586 (9th Cir. 2004) (citations omitted).  See also Sierra Pacific Industries v. Lyng, 866 F.2d 1099, 1113 n.21 (9th Cir. 1989) (same); McKinley v. McDonald, No. C 12-5048 RS(PR), 2013 WL 210244, at *1 (N.D. Cal. Jan. 17, 2013) (same).  In the pending motion, petitioner requests that this court indicate "its willingness to entertain" a motion to vacate the final order and judgment in this case pursuant to Rule 60(b)(6).

      Under Federal Rule of Civil Procedure 60(b), a party may seek relief from judgment and to re-open his case only in limited circumstances.  Gonzalez v. Crosby, 545 U.S. 524, 528 (2005).  Rule 60(b) provides in relevant part:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).  "Judgments are not often set aside under Rule 60(b)(6)."  Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006).  The Ninth Circuit has observed that:

> Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice. The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.

1  United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993).  To obtain
2  relief under Rule 60(b)(6), "a party must demonstrate extraordinary circumstances which
3  prevented or rendered him unable to prosecute his case."  Lal v. California, 610 F.3d 518, 524
4  (9th Cir. 2010) (citation and internal punctuation marks omitted).  Rule 60(b)(6) is reserved "only
5  [for] truly 'extraordinary circumstances.'"  Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011).
6  See also Cox v. Horn, 757 F.3d 113, 120 (3d Cir. 2014) (Courts are directed to grant relief under
7  Rule 60(b)(6) only in "extraordinary circumstances where, without such relief, an extreme and
8  unexpected hardship would occur.") (citing Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir.
9  1993)).  In short, Rule 60(b)(6) "requires a showing of extraordinary circumstances that justify
10 reopening a judgment."  Pizzuto v. Ramirez, ___ F.3d ___, 2015 WL 1810912, at *3 (9th Cir.
11 Apr. 22, 2015.)  Motions seeking relief under Rule 60(b) are addressed to the sound discretion of
12 the district court.  Yusov v. Yusuf, 892 F.2d 784, 787 (9th Cir. 1989); Thompson v. Housing
13 Auth. of Los Angeles, 782 F.2d 829, 832 (9th Cir. 1986); Rodriguez v. Bowen, 678 F. Supp.
14 1456, 1458 (E.D. Cal. 1988).

15         The October 9, 2014 findings and recommendations advised that within fourteen days
16 after being served, any party could file written objections with the court.  This gave petitioner
17 until October 23, 2014 to file his objections.  Petitioner explains that he received a letter from his
18 then counsel, dated November 10, 2014, in which counsel explained that his secretary, who was
19 responsible for "copying and putting this matter on my desk," did not do so until "the week after
20 the time expired to file an objection to the recommendation."  (ECF No. 32 at 3.)  In the letter,
21 petitioner's former counsel acknowledged that he had been paid "up to and through a habeas
22 decision by the district court."  (Id.)  However, he advised petitioner that he would "leave [it] to
23 other counsel" to file an appeal.  Counsel stated that he did not believe an appeal was legally
24 viable, but he offered to copy the file and provide it to another attorney if petitioner decided to
25 file an appeal.  (Id.)  Petitioner argues that his prior counsel did not inform him of his right "to
26 proceed in pro se" or give him the necessary forms with which to do so.  (Id. at 4.)  Petitioner
27 also complains that his prior counsel failed to advise him that failure to object to the findings and
28 recommendations waives the right to challenge the magistrate judge's factual findings.  (Id.)

Petitioner states that by the time he received his former counsel's letter, the assigned District Judge had denied his habeas petition and closed the case. (Id.) Immediately after receiving notice that his habeas petition had been denied, he sought the advice of new counsel as to "how to handle the situation and any remedies available." (Id. at 5.) Petitioner's new counsel filed a timely notice of appeal in the Ninth Circuit Court of Appeals and a "request for certificate of appealability/motion for limited remand."[1]

Petitioner argues that his former attorney, who was retained to fully prosecute his federal habeas petition, "abandoned him" after discovering that he missed the deadline for filing objections to the October 9, 2014 findings and recommendations. Petitioner argues that this "abandonment" resulted in the denial of his habeas petition and of a certificate of appealability "without the benefit of representation by counsel or an opportunity for petitioner to represent himself in pro se." (Id.) Petitioner states that "if this court indicates a willingness to entertain a motion to vacate pursuant to Rule 60(b) and the 9th Circuit grants a limited remand for it to do so, petitioner file [sic] a motion to vacate the judgment on the basis of attorney abandonment and will seek to have the case restored to the posture that it was in when the Magistrate Judge's Findings and Recommendations were filed." (Id.) Specifically, petitioner seeks "an opportunity for new counsel to file a motion to vacate the judgment for purposes of allowing objections to be filed." (Id. at 4.)

Petitioner must meet the stringent requirements imposed by Rule 60(b)(6) in order to prevail on a motion to set aside the judgment in this case. He has failed to do so. Petitioner argues that due to his former counsel's neglect and negligence, he was deprived of the opportunity to file objections to the October 9, 2014 findings and recommendations and a request for a certificate of appealability. However, petitioner has failed to explain how his failure to file these documents resulted in a miscarriage of justice. The October 9, 2014 findings and recommendations were reviewed de novo by the assigned district judge and adopted without revision. Petitioner has not demonstrated how the filing of objections to the findings and

---

[1] Petitioner represents that a copy of this motion has been attached as an exhibit to the instant motion, but the attachment does not appear to have been filed with this court.

recommendations would have resulted in a different outcome.  Further, petitioner retains the opportunity to appeal the judgment in this case to the Ninth Circuit Court of Appeals, notwithstanding his failure to file objections to the findings and recommendations.  Baxter v. Sullivan, 923 F.2d 1391, 1394-95 (9th Cir. 1991).  Although the failure to file objections waives the right to challenge the magistrate judge's findings of fact, Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998), petitioner has not demonstrated that any of the findings or fact made in connection with the undersigned's recommendation were incorrect.

With regard to petitioner's failure to request a certificate of appealability, the Court of Appeals has the authority to grant a certificate of appealability if it determines that petitioner has made "a substantial showing of the denial of a constitutional right" as to any of his claims.  This is true even though the district judge declined to issue a certificate of appealability.  28 U.S.C. § 2253((c); Fed. R.App. P. 22(b)(1) ("In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, . . . the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c). . . . If the district judge has denied the certificate, the applicant may request a circuit judge to issue the certificate."); Valerio v. Crawford, 306 F.3d 742, 763-64 (9th Cir. 2002) (same).

Petitioner has not made any showing that the judgment in this case is legally or factually erroneous.  Nor has he demonstrated that equitable relief is necessary in order to prevent a miscarriage of justice or that denying him the relief he seeks would result in "an extreme and unexpected hardship."  Cox, 757 F.3d at 120.  This court also notes that relief under Rule 60(b) is not available for ignorance, carelessness, or inexcusable neglect based on the actions of the petitioner's attorneys.  See Latshaw, 452 F.3d at 1100-01 (declining to grant relief from judgment based upon alleged attorney-based mistakes of law and noting that "this includes not only an innocent, albeit careless or negligent, attorney mistake, but also intentional attorney misconduct"); Jones v. United States, 255 F.3d 507, 511-12 (8th Cir. 2001) ("[a]n attorney's ignorance or carelessness is not cognizable under Rule 60(b).").  The Ninth Circuit has explained that "[n]eglect or lack of diligence is not to be remedied through Rule 60(b)(6)."  Lehman v.

5

United States, 154 F.3d 1010, 1017 (9th Cir. 1998). Accordingly, even assuming arguendo that through the carelessness or inexcusable neglect of petitioner's former counsel petitioner failed to file both objections to the October 9, 2014 findings and recommendations and a request for a certificate of appealability, petitioner would not be entitled to relief from judgment under Rule 60(b).

For all of the foregoing reasons, IT IS HEREBY ORDERED that petitioner's motion "for leave to file Rule 60(B) motion" (ECF No. 32) is denied.

Dated: April 30, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
Abramyan258.60b